# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

LaRONDA PHOX,                )
                             )
    Plaintiff,            )
                             )
vs.                          )   No. 05-0643-CV-W-FJG
                             )
LEE'S SUMMIT SCHOOL DIST.,   )
                             )
    Defendants.           )

## ORDER

Currently pending before the Court is plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. # 1) and plaintiff's Motion for Appointment of Counsel (Doc. # 3).

### I. Motion for Leave to Proceed In Forma Pauperis

Pursuant to 28 U.S.C. § 1915, this Court may authorize the commencement or prosecution of any suit without prepayment of fees when an applicant files an affidavit stating that they are unable to pay the costs of the lawsuit. In Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982), the court noted:

> There is a two step process to be followed by the district court in considering whether a pro se plaintiff should be permitted to proceed in forma pauperis. First, a determination of whether the plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is, under §1915([e]), frivolous or malicious and, if so, to dismiss the complaint.

The district court must exercise its discretion in determining whether an applicant is sufficiently impoverished to qualify under § 1915. Cross v. General Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983), cert. denied, 466 U.S. 980 (1984). Such a showing of poverty is sufficient if the applicant would become completely destitute or be forced to

give up the basic necessities of life if required to pay the costs of the lawsuit. Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948); Local Rule 83.7(a) (1999).

Plaintiff states that she is 46, single and provides approximately thirty percent of the support for her elderly father. Plaintiff states that she is presently unemployed. She was previously employed by the Lee's Summit School District as a substitute custodian, earning $9.35 an hour. Plaintiff states that she does not own any real property, but does own a vehicle worth $13,000. Plaintiff indicates that she has $50.00 cash on hand. Plaintiff states that in the past twelve months, she has received approximately $1500.00 in unemployment benefits and that she has also recently started up a home based business which has generated approximately $400.00 in the past year. Plaintiff states that she has the following monthly expenses: $240.00 grocery bill and $ 348.00 in utilities.

Based upon the information provided in plaintiff's affidavit, the Court believes that plaintiff is sufficiently impoverished to be permitted to proceed in forma pauperis. Accordingly, plaintiff's application for leave to file this civil action in forma pauperis (Doc. # 1) is hereby **GRANTED** and plaintiff may pursue this action without prepayment of fees, costs or security. It if further **ORDERED** that because this case is included in the Case Management/Electronic Case Filing system, and plaintiff is proceeding pro se, the Clerk's Office is directed to electronically file plaintiff's Complaint as of the date of this Order. It is further **ORDERED** that the Clerk shall forward appropriate process forms to plaintiff and within twenty days, plaintiff shall return the completed summons and service forms to the Clerk's office showing the address where defendants may be served. The Clerk of the Court is directed to issue summons and process and deliver the same to the United States Marshal for service upon the defendants. The United

States Marshal may first attempt service by certified mail, return receipt requested.

## II. Motion for Appointment of Counsel

> A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case. See Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir.1985). When determining whether to appoint counsel for an indigent civil litigant, the district court considers relevant factors such as the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present his claim. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir.1986).

Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998).

In the instant case, after reviewing plaintiff's Complaint, the Court does not find that the facts presented are overly complex. Additionally, plaintiff has not demonstrated that she is unable to either investigate the facts or to present her case without the aid of counsel. At this early stage in the litigation, the Court in unable to determine whether this case will present conflicting testimony. For these reasons, plaintiff's Motion for Appointment of Counsel is hereby **DENIED** without prejudice (Doc. # 3). If the circumstances change or if there is additional information which plaintiff would like the Court to consider, plaintiff may resubmit her request for appointment of counsel at a later time.

**/S/ FERNANDO J. GAITAN JR.**
Fernando J. Gaitan, Jr.
United States District Judge

Dated:   August 16, 2005
Kansas City, Missouri