# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

LaRONDA PHOX, )
 )
 Plaintiff, )
 )
vs. ) No. 05-0643-CV-W-FJG
 )
LEE'S SUMMIT SCHOOL DIST., )
 )
 Defendant. )

## ORDER

Currently pending before the Court is defendant's Motion for More Definite Statement (Doc. # 6), plaintiff's Motions to Compel and for Sanctions (Docs. # 22, 25, 26 and 28).

## I. BACKGROUND

On July 19, 2005, plaintiff filed her five paragraph Complaint on a pre-printed form which indicated that she was bringing her claim pursuant to Title VII. In her Complaint, plaintiff alleges that she was hired for two weeks in October 2003, then she was rehired on March 28, 2005 and then discharged on June 22, 2005. She states that there were unfair hiring practices that may have a disparate impact on race. She states there was disparity in wages and also in training.

## II. DISCUSSION

**A. Motion for More Definite Statement**

Defendant states that plaintiff's Complaint fails to identify what discriminatory

conduct the defendant directed towards her. Defendant argues that the Complaint is vague, ambiguous and uncertain in that it does not allege the necessary facts to state a claim under any theory of recovery. Defendant argues that plaintiff fails to allege any protected activity that would give rise to a claim of retaliation. In other words she has failed to state why she was retaliated against. Additionally, defendant argues that plaintiff fails to state what hiring practices were unfair or more importantly whether and in what manner they violated Title VII.

In response, plaintiff filed an eight page letter which provides several details regarding why she believes she was discriminated against. Defendant did not file any reply suggestions in response to plaintiff's detailed letter.

Fed.R.Civ.P. 12(e) states in part, "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." In Dillon v. Brown County, Nebraska, No. 8:02CV108, 2003 WL 820570, (D.Neb. Mar. 3, 2003), the Court stated,

> [a] motion for more definite statement is proper when a party is unable to determine issues he must meet, or where there is a major ambiguity or omission in the complaint that renders it unanswerable. . . . Motions for a more definite statement are rarely granted, however, in light of the liberal notice pleading standard of Federal Rule of Civil Procedure 8 and the liberal discovery available to both sides. . . .
>    Motions under Rule 12(e) are designed to strike at unintelligibility in a pleading rather than want of detail.

Id. at *4 (internal citations and quotations omitted).

In the instant case the Court does not find that the there is a major ambiguity or omission in the Complaint that renders it unanswerable. Defendant is simply seeking more specific information regarding plaintiff's allegations, something which can be done

through discovery or which plaintiff will soon provide through her initial disclosures and designation of discriminatory incidents. Therefore, the Court hereby **DENIES** defendant's Motion for a More Definite Statement (Doc. # 6).

**B. Motions to Compel and For Sanctions**

In her First Motion to Compel, filed on June 12, 2006, plaintiff asks that the Court order sanctions against the defendant for violating and for refusing to comply with Fed.R.Civ.P. 26. Plaintiff states that the defendant's answers did not fully and or adequately respond to plaintiff's interrogatories Nos. 1 and 2. Plaintiff states that defendant's counsel has deliberately refused to comply with discovery by the use of objections that are not grounded in law.

Defendant responds that after responding to plaintiff's second interrogatories, he spoke with plaintiff by phone and requested that she send by email a description of the interrogatories which she believes were not adequately responded to. Defendant states that no correspondence was received from plaintiff. Defendant's counsel states that he is currently unaware of what specific complaints plaintiff has regarding the discovery responses, but is willing to work with plaintiff to resolve any valid discovery disputes.

On June 19, 2006, plaintiff filed another Motion to Compel and for Sanctions. In this motion she states that she is making the same request because counsel for the defendant is incorrect when he stated he did not receive her email. She states that on May 23, 2006, she emailed "questions revised from interrogatories 1 & 2 combined, and there were 7 additional questions." Plaintiff also states that "The 1st motion to Sanction, was filed because the Counsel, again had misrepresented the fact that the had tried to reach me, without success, when he in fact, he did not try to reach me by calling the courts, email, fax, phone or mail to see if I would agree to an extension." (Plaintiff's

3

Motion to Compel, p. 2). Plaintiff filed an amendment to her Motion on June 19, 2006 in which she states that defendant's counsel represented that he had not heard from plaintiff. Plaintiff states that in fact, he had heard from her twice. She states that as of June 16, 2006, defense counsel has made no attempts to reach her.

Counsel for defendant filed a response indicating that plaintiff sent her May 23, 2006 email to the wrong email address. He states that he is more than willing to address plaintiff's concerns, but is still unaware of what interrogatories plaintiff takes issue with.

On July 31, 2006, plaintiff filed yet another Motion to Compel. In this Motion she states that the defendant's answers do not fully comply and or adequately respond to her discovery requests. Plaintiff then states:

> The Plaintiff asks the court to take judicial notice of the record created in open court on June 12, 2006 where the Plaintiff requested discovery documents. The Judge at that time ordered Defendant's attorney, Attorney Matt Gist, to reply to Plaintiffs response by June 27, 2006. Plaintiff spoke with the Counsel for Defendant on June 26, 2006, and Counsel requested that Plaintiff re-submit the discovery disputes, by E-mail, and it was acknowledged on that date, that it was received.

(Plaintiff's July 31, 2006 Motion to Compel)[1]. Plaintiff also complains that the defendant did not timely comply with a records request made pursuant to the Missouri Sunshine Act.

In the Scheduling and Trial Order issued in this case on February 3, 2006, the Court stated that it would not entertain any discovery motion without full compliance with Local Rule 37.1. The Scheduling Order states that a motion filed which does not comply with Local Rule 37.1 will be denied. Local Rule 37.1 states as follows:

---

[1] The Court is unclear what plaintiff is referring to, as the Court did not issue any orders on either June 12 or 27, 2006.

4
Case 4:05-cv-00643-FJG   Document 29   Filed 08/08/06   Page 4 of 6

**37.1 DISCOVERY MOTIONS**

**(a)** Except when authorized by an order of the Court, the Court will not entertain any discovery motions, until the following requirements have been satisfied:

1. Counsel for the moving party has in good faith conferred or attempted to confer **by telephone** or **in person with opposing counsel** concerning the matter prior to the filing of the motion. Merely writing a demand letter is not sufficient. Counsel for the moving party shall certify compliance with this rule in any discovery motion. *See* Rule 26(c), Federal Rules of Civil Procedure and *Crown Center Redevelopment Corp. v. Westinghouse Elec.*, 82 F.R.D. 108 (W.D. Mo. 1979); and

2. If the issues remain unresolved after the attorneys have conferred in person or by telephone, counsel shall arrange with the Court for an immediate telephone conference with the judge and opposing counsel. ***No written discovery motion shall be filed until this telephone conference has been held.***

(Emphasis added).

It is obvious that the parties have had some difficulties in communicating with each other over the past few months. Plaintiff states that she has attempted to contact defense counsel by phone, but it is unclear whether plaintiff was able to reach defense counsel. Therefore, the Court will not address the discovery matters raised in plaintiff's Motions to Compel until the parties have met and attempted to work out their differences. Plaintiff's Motions to Compel and for Sanctions are therefore **DENIED**. The parties are hereby **ORDERED** to either speak by phone or to meet in person and discuss the discovery issues which are still in dispute. If after discussing these issues the parties are still unable to resolve their differences, then counsel for defendant shall contact the Court to schedule a telephone conference.

### III. CONCLUSION

Accordingly, for the reasons stated herein, defendant's Motion for a More Definite

Statement is hereby **DENIED** (Doc. # 6), Plaintiff's Motions to Compel and for Sanctions are also **DENIED** (Docs. # 22, 25, 26, 28).

Date: August 8, 2006                                   **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                           Fernando J. Gaitan, Jr.
                                                           United States District Judge

6
Case 4:05-cv-00643-FJG   Document 29   Filed 08/08/06   Page 6 of 6